**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CARLTON HARRIS-BEY**                                                            **PETITIONER**

**v.**                                            **No. 4:09CV41-P-S**

**STATE OF MISSISSIPPI, ET AL.**                                    **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Carlton Harris-Bey for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies. Harris-Bey has responded, and the matter is ripe for resolution. For the reasons set forth below, the state's motion will be granted and the *habeas corpus* petition dismissed without prejudice for failure to exhaust state remedies.

**Facts and Procedural Posture**

Harris-Bey pled guilty to robbery in the Circuit Court of LeFlore County, Mississippi and was sentenced to serve a term of seven years in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-101.1. Regardless, Harris-Bey attempted to appeal the validity of his guilty plea to the Mississippi Supreme Court, citing as grounds for relief (summarized below):

I. Petitioner's indictment misstates the victim.

II. Trial counsel was ineffective in instructing Petitioner to take the plea deal

rather than addressing the error in the indictment.

The LeFlore County Circuit Court denied Petitioner's motion to proceed *in forma pauperis* citing the fact that, because he pled guilty, Harris-Bey was not entitled to a direct appeal. On February 6, 2009, the Mississippi Supreme Court notified Petitioner that he had 14 days within

which to pay the costs of appeal. On February 26, 2009, the petitioner's appeal was dismissed for failure to pay costs. Harris-Bey then attempted to refile his notice of appeal in the Mississippi Supreme Court; however, the court dismissed this second attempt to appeal.

On June 10, 2009, Harris-Bey filed a federal habeas petition in this Court raising the following claims for relief (as stated by the petitioner):

Ground One: Wrongful indictment.

Ground Two: Illegal sentence.

Ground Three: Wrong jurisdiction of prosecution.

Harris-Bey's attempt to seek a direct appeal on his guilty plea was dismissed; therefore, he has not yet raised any of his instant claims before the state's highest court. Neither has he filed any motions seeking post-conviction collateral relief in the Circuit Court of LeFlore County, Mississippi. He does have a civil action (Cause No. 2008-0072) pending in Leflore County Circuit Court; however, that case file contains only a letter asking that his record be cleared so that he may obtain a Mississippi driver's license. Harris-Bey has an available state court remedy through the Mississippi Post-Conviction Collateral Relief Act, MISS. CODE ANN. § 99-39-1 *et. seq*. As such, this court may not yet review his *habeas corpus* claims. Once Harris-Bey has filed a proper petition for post-conviction collateral relief raising his instant claims and has appealed any adverse decision in that case to the Mississippi Supreme Court, he may then file a *habeas corpus* action raising the current allegations. *Harris- Bey has limited time to proceed in state court and seek a timely habeas corpus petition in this court; the one-year federal limitations period began running when his conviction became final and will continue to run until he files a proper petition postconviction collateral relief. The limitations period will again begin*

*to run upon the completion of such a petition.* Harris-Bey informed the court in his response to the state's motion to dismiss that he has filed a motion for post-conviction relief in state court. As he is proceeding with his state court remedies, the instant case will be dismissed for failure to exhaust those state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 2nd day of February, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE